SO ORDERED.

Dated: September 11, 2020



*Madeleine C. Wanslee*
**Madeleine C. Wanslee, Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In Re: | Case No. 2:19-bk-08384-MCW |
|---|---|
| CARMENCITA FERNANDEZ NOE | STIPULATED ORDER CONFIRMING ORGINAl CHAPTER 13 PLAN |
| Debtor | |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved.

**IT IS ORDERED** confirming the Original Plan ("Plan") of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-1 | *$400* |
| 2-60 | *$868* |

The payments are due on or before the 8<u>TH</u> day of each month commencing <u>August 8, 2019.</u> Debtor is advised that when payments are remitted late, additional interest may accrue

*In Re: Noe*
2-19-BK-08384-MCW

Case 2:19-bk-08384-MCW   Doc 36   Filed 09/11/20   Entered 09/11/20 13:51:57   Desc
Main Document    Page 1 of 4

on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor shall provide to the Trustee copies of their **federal** and **state** income tax return for post-petition years 2019 - 2023 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property. The Debtor shall provide, directly to the Trustee their net federal and state income tax refunds for the years 2019 through 2023, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by §502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.S.§ 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses: Attorney Fees. Thomas McAvity, shall be allowed total compensation of $4500. Counsel received $50 prior to filing this case and will be paid $4450 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property: US Bank, secured by a lien in real property located at 16942 W. Hilton Avenue, Goodyear, Arizona, shall be paid a monthly mortgage payment in the amount of $891.76 directly by debtor. However, an arrearage in the amount of $756 at the time of filing shall be paid through the plan by the Chapter 13 Trustee.

(3) Claims Secured by Personal Property:

(a) Credit Union West, secured by a lien in a 2016 Toyota Venza shall be paid a secured claim of $14589.03 with 3% interest. The creditor will receive adequate protection payments of $300 per month.

(4) Unsecured Priority Claims:

    a. NONE

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property: The Debtor surrenders the following property:

    a. NONE

(6) Other Provisions:

    (a) Debtor is instructed to remit all payments on or before the stated date each month, Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the plan term. Any funding shortfall must be cured before the case can be discharged. This requirement is effective regardless of Plan payment suspension, waivers or moratoriums.

    (b) The Plan and Order shall not constitute an informal proof of claim for any creditor.

    (c) Debtor has non-exempt personal property in the amount of $262.50. Under no circumstances will debtor be able to obtain a Chapter 13 discharge without paying off this amount to her unsecured non-priority creditors.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---
ORDER SIGNED ABOVE
---

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____
Tom McAvity
Attorney for Debtor

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Carmencita Fernandez Noe
Debtor

In Re: Noe
2-19-BK-08384-MCW